Mr. Justice Cox
delivered the opinion of the court:
This bill was filed to procure a sale, under decree of this court, of the property described in it, for the payment of certain debts claimed by the plaintiff to be due from Albert Grant, and to be secured on the property by various deeds of trust executed by him. Some of these debts are alleged to have been contracted originally with the plaintiff, and. others to have been assigned to the plaintiff by the original creditors.
The bill makes parties of Grant, of persons to whom he has conveyed portions of the property and of persons who have incumbrances on it by mechanics’ liens and judgments, and it prays that the property may be sold for the payment of the indebtedness due to the plaintiff’, and that the proceeds may be paid to the parties lawfully entitled thereto.
The defendant filed an answer and four pleas, viz.: 1. To the jurisdiction of the court; 2. To the want of proper parties to the suit; 3. Usury; and 4. Payment.
The pleas were all overruled by the court below and an appeal was taken to this court. The appeal appears, how *118 ever, to be confined to the last three pleas. As to the pleas of usury and payment, the plaintiff’s counsel object that they are overruled by the answer which contains the same defences that are alleged in the pleas. The bill claims several distinct debts, and the answer does, either in substance or in so many words, allege a payment and satisfaction of these several claims, by an agreement made between the plaintiff and Grant, on the 1st of March, 1873, which is set forth in a cross-bill, prayed to be taken as part of the answer. And the defence of usury is distinctly set up in the answer, as to the indebtedness originally contracted with the plaintiff. On the other hand, the defendant’s counsel insist that the answer is simply in support of the pleas, and for that reason does not overrule them. The rule on this subject is that a plea overrules a demurrer and an answer overrules a plea. That is to say, a demurrer admits the facts averred in the bill and questions the right to relief upon those facts ; a plea ordinarily confesses and avoids ; or, in other words, admits the case made by the bill, but states new matter making a different case, and hence is inconsistent with the implied admissions of a demurrer, and, therefore, overrules it. A plea being a reason assigned for not being bound to answer the bill, if the defendant nevertheless does answer, he waives the objection made by his plea, and his answer is said to overrule it.
"Whenever, therefore, the defendant files an answer and a; plea and his answer is found to cover the same matter in the bill which his plea objects to answering, his plea is adjudged insufficient and is overruled where the plea is set down for hearing, which is equivalent to demurring to it. There is an exception to this in the case where a plea, according to the technical rules of equity pleading, is supported by an answer. Pleas are called pure pleas wThen they rely wholly' on matter dehors the bill, such as a release, an account stated, or (as in the present case) payments: and are negative or anomalous pleas when they consist mainly of denials of . matters in the bill.
It is only the latter kind of plea which is either required- *119 or allowed to be supported by an answer and which is not -oven’uled by the answer. (Story’s Eq. Plead., section 670). And this is only allowed and required in two classes of cases. The first is, where the plaintiff, by his bill, admits that the defendant has a legal bar to his suit but seeks to avoid it by alleging equitable circumstances entitled to that operation ; as, for example, where the plaintiff admits that .the defendant has a release of the cause of action, but at the same time alleges that it was procured by fraud and states specifically the facts constituting the fraud. Here, while the defendant is entitled to plead his release as a reason why he should not be required to answer fully the complaint, it is evident that this would not be a- complete answer to the complaint. The plaintiff is entitled to a discovery as to the fraudulent circumstances alleged, and it is held in such case that the plea must be supported by an answer as to those special circumstances. If the defendant should simply answer without pleading ; the rule is that he must answer the entire bill fully. He protects himself from this by filing his plea and answering as to those facts by which the plaintiff seeks to avoid the effect of his plea in advance. Story’s Eq. Pleadings, §§ 670, 675.
Now, it is obvious that the present case does not come within the class of cases mentioned. The plaintiff does not admit the legal bar of payment and seek to avoid it,.but simply anticipates that defence, and flatly denies it. Had the bill admitted the payment of the plaintiff’s debt, by the agreement referred to in the answer, and then sought to avoid that result by alleging non-performance, misrepresentation, fraud or other circumstances, which would deprive it of effect, it would have presented the very case calling for an answer in support of the plea of .payment.
The other class of eases in which the plea is to be supported, is illustrated by a bill alleging a partnership with the defendant, and alleging various transactions in proof of it, and calling for a discovery and partnership account. Here, it is not sufficient simply to plead that there was no partnership, but there must also be an answer and discovery *120 as to all the circumstances alleged. The plaintiff' has a right to this as evidence, and the defendant can only exonerate himself from the duty of fully answering the bill, by this partial answer sustaining his plea against answering.
The present case is as clearly distinguishable from the class I have just mentioned, as from the former.
The bill alleges the single fact, (in paragraph 4) that the claims of the plaintiffs are still unpaid, and, in paragraph 23, that the defendant, Grant, falsely pretends that they are paid, but alleges no other circumstances in that connection conflicting with the plea of payment, and requiring an answer in addition to the plea.
It is, therefore, clear, in our opinion, that this is not a case in which the plea is allowed or required to be supported by an answer, and as it is clear that the answer does cover entirely the very ground to which the plea is directed, it follows that, according to the established rules of equity pleading, the plea is overruled by the answer.
If this, however, were a proper case for an answer in support of the plea, still, according to the rules of equity pleading, which are as strict and technical as those of the common law, the plea would have to be overruled for two reasons.
The first is, because both plea and answer go to the whole bill. The answer in these cases must be confined, both in form and substance, to the averments that would invalidate the plea. The plea being a refusal to answer, the answer must not cover the substance of the plea ; but only the special facts to which it is directed, and it must profess to answer those circumstances only. Story’s Eq. Plead., sec. 688.
The second reason is, that upon argument of the sufficiency of the plea, the answer in support of it may be read to counterprove it, as it is called, and if it does not support it the plea may be overruled. Story Eq. Plead., sec. 699. In this case, the answer shows that the only payment pretended by the defendant, consisted of an agreement which was never carried into execution, which, if executed, might *121 have amounted to an accord and satisfaction but uot a payment, and which, being wholly unexecuted, was neither.
We are, however, referred to a rule of the Supreme Court of the United States, governing the practice of the circuit courts in equity, which declares that “ no demurrer on plea shall be held bad and overruled upon argument, only because the answer of the defendant may extend to some part of the same matter, as may be covered by such demurrer or plea.”
It is maintained, that this entirely abrogates the old rule on this subject, and that, by virtue of this rule, an answer no longer overrules a plea.
To this it is answered, that the rule in question is not binding upon this court, but was only applicable to the circuit courts of the United States proper.
It is hardly necessary to pronounce an opinion upon this question, because we are satisfied that the rule was not intended to operate to the extent contended for on the part of the defendant. v
The old rule was very strict, that if the answer extended to any part of the bill covered by the plea, it overruled the plea. Story’s Eq. Plead., sec. 688. A mere accidental or trifling encroachment by the answer, on however small a part of the ground covered by the plea, had this effect. It was evidently intended by the rule only to correct this inconvenience. It was not intended to disturb the old rule in its application to cases, where the answer covers the whole ground of the plea, and both go to the whole relief prayed, which we understand to be the case here.
There is the less reason for supposing them so applicable, in that this court is expressly authorized to establish such rules as it may deem necessary for regulating its practice and to revise and alter them from time to time. This is a somewhat more extensive power than that conferred on the circuit courts. They were allowed by the act of 1789 to establish rules for the orderly conduct of business only, while the act of 1792 seemed to confer a certain power of alteration or addition in the forms and proceedings, but no geueral power of regulating their practice.
*122 The only doubt which existed on this subject formerly, seemed to have been occasioned by an expression of the Supreme Court in the case of Bracket vs. Bracket, 2 How., 691, which went up from this District. The court held in that case, that objections could not be made in that court to a master’s report, -which were not brought before the court below, by exceptions to the report. And they said, “ the 83d chancery rule is decisive on the subject.”
This would have been held on general principles without any rule. The court did seem to assume, however, that their rule was applicable to the subject. But the question was not made in the case or considered as a controverted one or necessary to the decision, and the casual expression of the court cannot be considered as controlling this question.
The plea of usury treats the indebtedness claimed by the plaintiff as a single and entire one, to the whole of which the defence may apply. If this were so, what has been said as to the effect of an answer upon a plea would apply with still more force to this plea than to that of payment, because this is a pure plea founded entirely upon new matter, to which the bill does not contain an allusion. The answer is explicit in setting forth this same defence of usury. But the plea is faulty in form, because the- bill claims several distinct debts, and the plea does not show to which of them the usury attached, and in substance, because this defence would go only to the usury and is no bar to the relief prayed, in respect to the principal of the debts.
The only other plea relates to the want of proper parties to the suit. The plea avers that certain persons named, nearly thirt}' in number, have not been made parties t® the cause. It does not aver that they have an interest in the result of the cause or that they are necessary parties to it. . It leaves the court to infer this either from the showing of the bill •itself or from very vague statements of the relations of said parties to the-property involved in the suit. It is rather a mixed plea and demurrer than a simple plea.
But waiving its defects of form, we have been unable, upon examination, to discover the necessity of making any *123 of the omitted persons parties to the suit. "We deem it unnecessary to discuss the subject at length.
It may suffice to say that most of the parties mentioned were assignors who had parted with all interest in the subject matter of the controversy, or persons who are not shown to have ever had any such interest, and as to the former as well as the latter, there can be no pretense that they are necessary parties.
It should be here noted that the filing of several pleas in bar of the relief prayed was an irregularity. Inasmuch as all defences may be made by answer, it is not allowed to make more than one defense by plea to the whole bill, or the same part of it, except under special circumstances, and with leave of the court. The pleas would have to be overruled on this ground, except that the defendant might ask leave to elect on which he would rely.
On the whole, for the reasons we have mentioned,(it is pur opinion that the pleas were properly overruled by the court below.